Pro Se 14 (Rev. 10/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
## for the
### NORTHERN DISTRICT OF ALABAMA

_Keith Alexander_
Plaintiff
*(Write your full name. No more than one plaintiff may be named in a complaint.)*

-v-

Case No.: 4:20-CV-1542-KOB-HNJ
*(to be filled in by the Clerk's Office)*

_See Attachment A._
Defendant(s)
*(Write the full name of each defendant who is being sued. If the names of all of the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here. Your complaint may be brought in this court only if one or more of the named defendants is located within this district.)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee of $400.00 or an Application to Proceed *In Forma Pauperis*.

Mail the original complaint and the filing fee of $400.00 or an Application to Proceed *In Forma Pauperis* to the Clerk of the United States District Court for the Northern District of Alabama, Room 140, Hugo L. Black U.S. Courthouse, 1729 5th Avenue North, Birmingham, Alabama 35203-2195.

## I. The Parties to this Complaint

### A. The Plaintiff

Provide the information below for the plaintiff named in the complaint.

- Name: *Keith Alexander*
- All other names by which you have been known: ___
- ID Number: *262321*
- Current Institution: *St. Clair*
- Address: *1000 St. Clair Rd, Springville, AL 35146*

### B. The Defendant

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
- Name: *See attachment A: All defendants sued in their Official and Individual Capacity*
- Job or Title *(if known)*: ___
- Shield Number: ___
- Employer: ___
- Address: ___
- ☒ Individual Capacity  ☒ Official Capacity

Defendant No. 2
- Name: *See Attachment A: All Defendants Sued In their Official And Individual Capacity*
- Job or Title *(if known)*: ___
- Shield Number: ___
- Employer: ___
- Address: ___
- ☒ Individual Capacity  ☒ Official Capacity

Defendant No. 3

Name *See Attachment A: All Defendants Sued In Their Official And Individual Capacity*

Job or Title *(if known)* _____

Shield Number _____

Employer _____

Address _____
         City        State    Zip Code

☒ Individual Capacity     ☒ Official Capacity

Defendant No. 4

Name *See Attachment A: All Defendants Sued In Their Official And Individual Capacity*

Job or Title *(if known)* _____

Shield Number _____

Employer _____

Address _____
         City        State    Zip Code

☒ Individual Capacity     ☒ Official Capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal law]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☐ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities, secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

*Sixth, Eighth, and Fourteenth Amendments for failure to protect.*

C. Plaintiffs suing under *Bivens* may only recover for violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

*N/A*

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

*Each Defendant was an employee of the Alabama Department of Corrections at the time the offense took place. See also 'Attachment B.'*

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial Detainee

☐ Civilly committed detainee

☐ Immigration detainee

☐ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other *(explain)*: _____

## IV. State of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

*N/A*

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

*My claim arose at Donaldson Correctional on October 10, 2018. See also Attachment B.*

C. What date and approximate time did the events giving rise to your claim(s) occur?

*October 10, 2018 at approximately 11:00 am. See also Attachment B.*

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

*Please see Attachment B.*

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries in detail.

*Physical, Mental and psychological injuries. Please see Attachment B.*

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

*Judgment in favor of Plaintiff and damages against all defendants in an amount sufficient to compensate Plaintiff for the physical harm, stress, and emotional trauma caused by Defendants' deliberate indifference and misconduct.*

_____
_____
_____
_____
_____
_____

VII. **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

*Donaldson Correctional Facility*

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☒ No

☐ Don't know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims? *N/A*

☐ Yes

☐ No

☐ Don't know

Page 6 of 14

If yes, which claims(s)?

_____

_____

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint? *N/A*

☐ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility? *N/A*

☐ Yes

☐ No

E. If you did file a grievance: *N/A*

1. Where did you file the grievance?

_____

2. What did you claim in your grievance?

_____

3. What was the result, if any?

_____

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

_____

_____

_____

_____

_____

_____

_____

_____

_____

F.  If you did not file a grievance:

    1. If there are any reasons why you did not file a grievance, state them here:
*There is no grievance procedure at Donaldson Correctional.*

    2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:
*Please see Attachment B.*

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies:
*N/A*

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had any cases dismissed based on grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted?

☐ Yes

☒ No

If yes, state which court dismissed your case(s), when this occurred, and attach a copy of the order(s) if possible.
*N/A*

 

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☒ Yes

☐ No

B. If your answer to "A" is "Yes," describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit:

    Plaintiff(s) _____

    Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*:

    _____

3. Docket or index number:

    _____

4. Name of Judge assigned to your case:

    _____

5. Approximate date of filing lawsuit:

    _____

6. Is the case still pending?

    ☐ Yes

    ☒ No

    If no, give the approximate date of disposition: _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    *Dismissed without prejudice on Plaintiff's motion.*

## IX. Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an

improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

Printed Name of Plaintiff: *Mr. Keith Alexander*
Prison Identification Number: *262321*
Prison Address: *St. Clair Correctional Facility*
*1000 St. Clair Rd.*
*Springville*     *AL*     *35146*
           City                             State                    Zip Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on *9-25-20*      *Keith Alexander*
                                   Signature of Plaintiff

## Attachment B: Statement of Claim

My name is Keith Alexander and I am a state inmate in the custody of the Alabama Department of Corrections (ADOC). On or around October 10, 2018, I was assaulted by Officer Roderick Gadson and two other officers at William E. Donaldson Correctional Facility. I sustained serious injuries that required hospitalization at UAB Hospital.

On or around October 10, 2018, Officer Gadson and two other officers entered my cell in segregation and attacked me. Officer Gadson hit me repeatedly in my leg with his baton and fists, kicked me in my head, and sprayed mace down my throat. The other two officers swung batons at my head, torso, and legs.

When Officer Gadson and the other officers had finished beating me, they took me to the infirmary. Medical staff there noted my injuries, but failed to provide adequate treatment. I struggled to walk and I continued to experience significant swelling and pain in my leg. On October 23, 2018, I went to the dentist to get a tooth pulled. The dentist observed the condition of my leg and referred me to the nurse. It was only then that I was transported to UAB Hospital because my injuries were so severe. Doctors at the hospital confirmed that I had a fractured fibula and treated my leg injuries.

Officer Gadson has been retaliating against me since my return from UAB Hospital and I continue to experience the negative consequences of this officer assault. I am currently incarcerated at St. Clair Correctional Facility, where Officer Gadson is now posted, and the facility will not release me from the Restricted Housing Unit because he works at the camp.

Officer Gadson has demonstrated a pattern of using excessive force against prisoners. On February 17, 2011, Officer Gadson and others allegedly assaulted William Harris in the segregation unit at Donaldson. Officer Gadson and other officers attacked Mr. Harris again the same unit a few weeks later.

On June 30, 2012, Officer Gadson allegedly choked Antwan Maye and punched him in the right eye.

On April 9, 2013, Officer Gadson reportedly assaulted Terry Killingsworth in Dorm E-3 at Bibb Correctional Facility.

On December 6, 2015, Officer Gadson and others assaulted David Foster in the classification area at Donaldson while he was handcuffed.

Between August 22 and August 24, 2016, Officer Gadson and others subjected Michael Oliver to 5 unprovoked beatings that involved punching and stomping all over his body.

On December 1, 2017, Officer Gadson and other officers assaulted Antoine Denmark while handcuffed shortly after he was transferred to Donaldson, causing injuries including the loss of several teeth.

On October 4, 2019, Officer Gadson and other officers assaulted Steven Davis in the behavior modification dormitory at Donaldson, striking him in the head with batons, feet, and fists. Mr. Davis suffered multiple facial fractures from the officers' use of force and was transported by air to UAB Hospital, where he died on October 5.

Excessive use of force by ADOC officers and specifically Officer Gadson was a pattern that Defendants Jefferson Dunn, Grantt Culliver, Christopher Gordy, Errol Pickens, and the Captains at Donaldson were aware of and responsible for addressing. However, Officer Gadson has never been held accountable for his abusive behavior towards incarcerated people. Instead of disciplining him for misconduct or implementing corrective action, ADOC continues to employ Officer Gadson and transfer him between the men's facilities.

Defendants are aware that their management practices have created a culture of violence throughout Alabama's correctional facilities where prisoners are managed through force and officers are not held accountable for abuse despite multiple reports by the Department of Justice (DOJ) over the past 10 years that document excessive use of force throughout ADOC. Remedial measures have not been taken even though Defendants know that officers violently assaulted and killed Rocrast Mack at Ventress Correctional Facility, carried out widespread sexual abuse of women incarcerated at Julia Tutwiler Prison, and used excessive force so frequently that the DOJ announced its investigation into this pattern in 2016.

## Attachment A: The Defendants

Defendant No. 1:    Jefferson Dunn
Job or title:    Commissioner
Employer:    Alabama Department of Corrections
Address:    301 S. Ripley Street
P.O. Box 301501
Montgomery, AL 36130

Defendant No. 2:    Grantt Culliver
Job or title:    Associate Commissioner, Operations
Employer:    Alabama Department of Corrections (Former)
Address:    301 S. Ripley Street
P.O. Box 301501
Montgomery, AL 36130

Defendant No. 3:    Steve Watson
Job or title:    Associate Commissioner, Plans and Programs
Employer:    Alabama Department of Corrections
Address:    301 S. Ripley Street
P.O. Box 301501
Montgomery, AL 36130

Defendant No. 4:    Jenny Abbott
Job or title:    Facilities Management, Director
Employer:    Alabama Department of Corrections
Address:    301 S. Ripley Street
P.O. Box 301501
Montgomery, AL 36130

Defendant No. 5:    Edward Ellington
Job or Title:    Institutional Coordinator (Northern Region)
Employer:    Alabama Department of Corrections
Address:    301 S. Ripley Street
P.O. Box 301501
Montgomery, AL 36130

| | |
|---|---|
| Defendant No. 6: | Christopher Gordy |
| Job or title: | Warden |
| Employer: | Alabama Department of Corrections - Ventress CF |
| Address: | Ventress Correctional Facility |
| | 379 Alabama Hwy 239 North |
| | Clayton, AL 36016 |
| | |
| Defendant No. 7: | Errol Pickens |
| Job or title: | Warden |
| Employer: | Alabama Department of Corrections - Limestone CF |
| Address: | Limestone Correctional Facility |
| | 28779 Nick Davis Road |
| | Harvest, AL 35749 |
| | |
| Defendant No. 8: | Roderick Gadson |
| Job or title: | Correctional Officer |
| Employer: | Alabama Department of Corrections - St. Clair CF |
| Address: | St. Clair Correctional Facility |
| | 1000 St. Clair Road |
| | Springville, AL 35146 |
| | |
| Defendant No. 9: | Unknown |
| Job or title: | Correctional Officers Working in Segregation with CO Gadson |
| Employer: | Alabama Department of Corrections - Donaldson CF |
| Address: | William E. Donaldson Correctional Facility |
| | 100 Warrior Lane |
| | Bessemer, AL 35023 |
| | |
| Defendant No. 10: | Unknown |
| Job or title: | Captains in Charge of Security Staff |
| Employer: | Alabama Department of Corrections - Donaldson CF |
| Address: | William E. Donaldson Correctional Facility |
| | 100 Warrior Lane |
| | Bessemer, AL 35023 |
| | |
| Defendant No. 11: | Unknown |
| Job or title: | Lieutenants in Charge of Security Staff |
| Employer: | Alabama Department of Corrections - Donaldson CF |
| Address: | William E. Donaldson Correctional Facility |
| | 100 Warrior Lane |
| | Bessemer, AL 35023 |

Defendant No. 12:   Unknown
Job or title:       Shift Commanders
Employer:           Alabama Department of Corrections - Donaldson CF
Address:            William E. Donaldson Correctional Facility
                    100 Warrior Lane
                    Bessemer, AL 35023

Defendant No. 13:   Arnaldo Mercado
Job or title:       Investigations & Intelligence (I&I), Director
Employer:           Alabama Department of Corrections
Address:            301 S. Ripley Street
                    P.O. Box 301501
                    Montgomery, AL 36130

Defendant No. 14:   Leon Bolling
Job or title:       Warden
Employer:           Alabama Department of Corrections - St. Clair CF
Address:            St. Clair Correctional Facility
                    1000 St. Clair Road
                    Springville, AL 35146

Defendant No. 15:   Gary Malone
Job or title:       Captain
Employer:           Alabama Department of Corrections - St. Clair CF
Address:            St. Clair Correctional Facility
                    1000 St. Clair Road
                    Springville, AL 35146