# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| KEITH ANTWON ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  4:20-cv-01542-KOB-HNJ |
| ) | |
| JEFFERSON DUNN, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the Constitution or laws of the United States.  (Doc. 1).  Plaintiff names the following defendants in the complaint: Alabama Department of Corrections Commissioner Jefferson Dunn, Associate Commissioner Grantt Culliver, Associate Commissioner Steve Watson, Director of Facilities Management Jenny Abbott, Institutional Coordinator Edward Ellington, Warden Christopher Gordy, Warden Errol Pickens, Correctional Officer Roderick Gadson, Investigations & Intelligence Director Arnaldo Mercado, Warden Leon Bolling, Captain Gary Malone, two unknown segregation officers, unknown captains and lieutenants "in charge of security staff," and unknown shift commanders.  (*Id.* at 13-15).  Plaintiff seeks monetary relief.  (*Id.* at 5).

In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the court referred the complaint to the undersigned magistrate judge for a preliminary report and recommendation.  *See McCarthy v. Bronson*, 500 U.S. 136 (1991).  Pursuant to

the following analysis, the undersigned recommends the court dismiss without prejudice all claims in this action pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief can be granted, except plaintiff's Eighth Amendment excessive force and supervisory liability claims against defendants Gadson, two unknown segregation officers, Dunn, Culliver, Gordy, and Pickens.

## I. STANDARD OF REVIEW

The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against government officers or employees. The court must dismiss the complaint or any portion thereof that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or which does not state a claim upon which relief can be granted. *Id.* Moreover, the court may *sua sponte* dismiss a prisoner's complaint prior to service. *See* 28 U.S.C. § 1915A(a).

Under § 1915A(b)(1) and § 1915(e)(2)(B)(i), the court may dismiss a claim as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where the defendants are immune from suit or the claim seeks to enforce a legal right that clearly does not exist. *Id.* at 327.

Moreover, the court may dismiss a complaint pursuant to 28 U.S.C. § 1915A (b)(1) for failure to state a claim upon which relief may be granted. Federal Rule 12(b)(6) of the Federal Rules of Civil Procedure governs the § 1915A(b)(1) standard for failure

to state a claim. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 557 (2007) (alteration incorporated). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Similarly, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, a court should dismiss an action for failure to state a claim. *Jones v. Bock*, 549 U.S. at 215.

Courts hold a *pro se* pleading "to a less stringent standard than a pleading drafted by an attorney" and construes it liberally. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015). However, such pleadings must still allege factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke,* 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted).

## II. FACTUAL ALLEGATIONS

On October 10, 2018, plaintiff was incarcerated at W.E. Donaldson Correctional Facility and assigned to the segregation unit when Correctional Officer Roderick Gadson and two unknown officers entered plaintiff's cell and assaulted him. (Doc. 1 at 11). Specifically, Gadson hit plaintiff repeatedly on his leg with his baton and fists,

kicked plaintiff in his head, and sprayed mace down plaintiff's throat. (*Id.*). In addition, the two unknown segregation officers swung batons at plaintiff's head, torso, and legs. (*Id.*).

After defendant Gadson and the two unknown segregation officers stopped assaulting plaintiff, they escorted him to the infirmary. (Doc. 1 at 11). Medical staff noted plaintiff's injuries but did not provide him adequate medical treatment. (*Id.*). Plaintiff struggled to walk and experienced significant pain and swelling of his leg. (*Id.*).

On October 23, 2018, a dentist treated plaintiff for a tooth extraction. (Doc. 1 at 11). The dentist observed the condition of plaintiff's leg and referred him to a nurse. (*Id.*). Thereafter, prison officials transferred plaintiff to UAB Hospital for medical treatment. (*Id.*). Hospital staff diagnosed plaintiff with a fractured fibula and provided treatment to him. (*Id.*).

Plaintiff alleges defendant Gadson has retaliated against him since his return from UAB. (Doc. 1 at 11). The State subsequently transferred plaintiff from Donaldson to St. Clair Correctional Facility. (*Id.*). Gadson also transferred to St. Clair. (*Id.*). Prison officials will not release plaintiff from the Restricted Housing Unit due to Gadson's employment at the facility. (*Id.*).

Plaintiff alleges defendant Gadson has had a pattern and practice of using excessive force against inmates since 2012. (Doc. 1 at 11-12). He contends defendants Dunn, Culliver, Gordy, Pickens, and unknown captains at Donaldson were aware of

defendant Gadson's pattern of excessive use of force but failed to discipline him. (*Id.* at 12).

### III.  ANALYSIS

**A. Gadson, Two Unknown Segregation Officers, Dunn, Culliver, Gordy, & Pickens**

Plaintiff alleges that on October 10, 2018, defendant Gadson and two unknown segregation officers used excessive force against him. (Doc. 1 at 11). As a result, plaintiff sustained a fractured fibula and experienced swelling and pain. (*Id.*). Plaintiff further alleges that defendants Dunn, Culliver, Gordy, and Pickens were aware that Gadson had a pattern of using excessive force against inmates but failed to discipline him. (*Id.* at 12).

A correctional officer's malicious and sadistic actions that have "no legitimate penological purpose and are unacceptable by contemporary standards of decency" violate an inmate's Eighth Amendment right to be free from cruel and unusual punishment. *See Sconiers v. Lockhart*, 946 F.3d 1256, 1259 (11th Cir. 2020). To prove an excessive force claim, an inmate must establish that the officer "'acted with a sufficiently culpable state of mind' . . ., and the conduct must have been 'objectively harmful enough to establish a constitutional violation.'" *Id.* at 1265 (quoting *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).

Supervisory officials do not incur liability under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *See Keith*

5

*v. DeKalb Cnty., Ga.*, 749 F.3d 1034, 1047 (11th Cir. 2014). Instead, a plaintiff must allege that the supervisor "directly participated in the unconstitutional conduct" or show "a causal connection between the supervisor's actions and the alleged constitutional violation." *Hoever v. Belleis*, 703 F. App'x 908, 911 (11th Cir. 2017) (citing *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)). To establish a causal connection, a plaintiff must demonstrate either that the supervisor "instituted a custom or policy that results in deliberate indifference to constitutional rights" or that the supervisor directed subordinates "to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1331 (11th Cir. 2007) (alternations adopted and quotation marks and citations omitted).

Plaintiff has alleged sufficient facts at this juncture to warrant a response from Gadson and the two unknown segregation officers regarding their alleged use of excessive force against plaintiff on October 10, 2018, in violation of the Eighth Amendment.[1] Similarly, plaintiff's supervisory liability claims against defendants Dunn, Culliver, Gordy, and Pickens warrant a response.

---

[1] Generally, fictious party pleading is not permitted in federal court. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). The Eleventh Circuit has "created a limited exception to this rule when plaintiff's description of the defendant is so specific [that the fictious name is] 'at the very worst, surplusage.'" *Id*. (quoting *Dean v. Barber*, 591 F.2d 1210, 1215-16 (11th Cir. 1992)). Because plaintiff has identified two defendants as unknown segregation officers working with defendant Gadson in the segregation unit on October 10, 2018, it is reasonable that the named defendants' responses and/or discovery may uncover the identities of these two individuals. In the event the identities of these individuals are uncovered, plaintiff will need to amend his complaint to name them.

**B. Retaliation**

Plaintiff alleges that defendant Gadson has been retaliating against him since his return from UAB Hospital. (Doc. 1 at 11). Plaintiff's retaliation claim merits dismissal.

"First Amendment rights to free speech and to petition the government for a redress of grievances are violated when a prisoner is punished for filing a grievance concerning the conditions of his imprisonment." *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008) (internal quotation marks and citation omitted). To establish a retaliation claim, a complaint must adequately allege that (1) a prisoner's speech or act was constitutionally protected; (2) the defendant's retaliatory conduct adversely affected the protected speech or act; and (3) there is a causal connection between the retaliatory actions and the adverse effect on the speech or act. *Id.* "A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights." *Bennett v. Hendrix*, 423 F.3d 1247, 1254 (11th Cir. 2005). Furthermore, the causation prong of a retaliation analysis "asks whether the defendant[ ] [was] subjectively motivated" by plaintiff's protected act or speech. *Smith v. Mosley*, 532 F.3d 1270, 1278 (11th Cir. 2008).

The complaint is devoid of any factual allegations demonstrating that Gadson retaliated against plaintiff. Plaintiff does not allege that he filed a grievance or complaint – or that he otherwise engaged in some protected speech or act – concerning Gadson's actions. Neither does plaintiff allege the particular adverse action Gadson took in

7

response to any protected speech or act. At most, plaintiff alleges he is assigned to the Restricted Housing Unit at St. Clair because Gadson is employed at the facility. (Doc. 1 at 11). However, plaintiff does not allege that Gadson had any personal involvement in his assignment to the Restricted Housing Unit and that the assignment occurred in retaliation for his protected speech or act.

Claims alleging unconstitutional retaliation must be factual, and mere conclusory allegations of retaliation will not suffice. *See Hornsby v. Jones,* 188 F. App'x 684, 690 (10th Cir. 2006). Plaintiff's complaint "must contain enough facts to state a claim of retaliation by prison officials that is 'plausible on its face.'" *Douglas*, 535 F.3d at 1321 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Because plaintiff has made only conclusory allegations that Gadson retaliated against him, this claim warrants dismissal.

### C. Watson, Abbott, Ellington, Mercado, Bolling, Malone, and Unknown Lieutenants, Shift Commanders, and Captains

Although plaintiff names Watson, Abbott, Ellington, Mercado, Bolling, Malone, and unknown lieutenants and shift commanders as defendants, he does not make any reference to these defendants in the body of his complaint. (Doc. 1). Indeed, plaintiff fails to allege facts associating these defendants with any constitutional claim. Thus, plaintiff's claims for relief against these defendants warrant dismissal.

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the

8

grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (holding that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (quotation marks and citation omitted); *Fullman v. Graddick*, 739 F.2d 553, 556 (11th Cir. 1984) (noting the complaint must state a cause of action sufficient to affirmatively show plaintiff is entitled to relief, since "[i]t is not enough, to indicate merely that plaintiff has a grievance but sufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of what plaintiff is complaining, and can see that there is some legal basis for recovery") (citation omitted).

Even assuming plaintiff alleges that these defendants, as supervisory officials, are somehow responsible for Gadson's and other correctional officers' actions, he must plead specific facts against each individual defendant. As the Eleventh Circuit has noted, "[t]o be a supervisor is not wrongful" and unsupported conclusory allegations that supervisory officials "caused, participated in, condoned, or covered up" various alleged wrongs "fail to satisfy the federal pleading standard." *Steven v. Osuna*, 877 F.3d 1293, 1310 (11th Cir. 2017) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Because plaintiff does not set forth any factual allegations against Watson, Abbott, Ellington, Mercado, Bolling, Malone, and unknown

lieutenants and shift commanders, plaintiff's claims against these defendants merit dismissal.

Plaintiff also alleges that unknown captains at Donaldson were aware of defendant Gadson's alleged pattern of excessive force but failed to discipline him. (Doc. 1 at 12). Again, plaintiff cannot make a blanket assertion against all captains employed at W.E. Donaldson without alleging particularized facts against each individual official to show how he or she personally violated his constitutional rights. Because plaintiff has lodged only conclusory allegations against all unknown captains employed at Donaldson, his claims warrant dismissal. *See L.S.T., Inc. v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995) (holding that more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983).

## IV. RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** the court **DISMISS WITHOUT PREJUDICE** all claims in this action pursuant to 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief can be granted, except plaintiff's Eighth Amendment excessive force and supervisory liability claims against defendants Gadson, two unknown segregation officers, Dunn, Culliver, Gordy, and Pickens. The undersigned **FURTHER RECOMMENDS** the court **REFER** the remaining claims to the undersigned for further proceedings.

## V. NOTICE OF RIGHT TO OBJECT

Plaintiff may file specific written objections to this report and recommendation. Plaintiff must file any objections with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered. Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objecting. Objections also should specifically identify all claims contained in the complaint that the report and recommendation fails to address. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

Failing to object to factual and legal conclusions contained in the magistrate judge's findings or recommendations waives the right to challenge on appeal those same conclusions adopted in the district court's order. In the absence of a proper objection, however, the court may review on appeal for plain error the unobjected to factual and legal conclusions if necessary in the interests of justice. 11th Cir. R. 3-1.

On receipt of objections, a United States District Judge will review *de novo* those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the undersigned's findings of fact and recommendations. The district judge also may refer this action back to the undersigned with instructions for further proceedings.

Plaintiff may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Plaintiff may only appeal from a final judgment entered by a district judge.

**DONE** this 22nd day of April, 2021.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE